NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.09-1015
_____

UNITED STATES OF AMERICA

v.

CLIFFORD BRADLEY, JR.,
                              Appellant


_____

Appeal from the District Court for the Middle District of Pennsylvania
(Crim. No. 07-cr-00251-001)
District Judge: Hon. Christopher C. Connor, Judge

Submitted pursuant to Third Circuit LAR 34.1(a)
Monday, May 23, 2011

Before: McKEE, Chief Circuit Judge, SCIRICA and GARTH, Circuit Judges

(Opinion filed: July 20, 2011)

OPINION

McKEE, Chief Judge.

    Clifford Bradley appeals the district court's denial of a motion to suppress

evidence seized in a traffic stop that led to his arrest and conviction. He also challenges

his sentence for two counts of interstate travel in aid of drug trafficking, in violation of 18 U.S.C. § 1952(a)(3). [1]

For reasons set forth below, we affirm.

## I.

On May 14, 2007, police received a tip that Latacha Renee Thompson and Duwanna Robinson were traveling to Georgia to purchase cocaine. A Pennsylvania State trooper over the vehicle pulled over the vehicle that Thompson and Robinson were driving. During the course of the stop, the trooper received Thompson's permission to search the rental car. The trooper seized $25,000 in cash that was packaged in twenty-five individual bundles, and permitted Thompson and Robinson to leave.

On June 13, 2007, law enforcement received a tip that Thompson and Bradley were returning from Atlanta to Philadelphia with a large amount of cocaine. Two troopers stopped the car for speeding and noticed that Thompson was becoming agitated. They asked for permission to search the car, but Thompson and Bradley refused. The troopers then radioed for a drug-sniffing dog, which alerted the officers to the presence of drugs in the car. The troopers arrested Thompson and Bradley. After obtaining a search warrant, the troopers found eight ounces of cocaine in the car.

## II. Suppression of Evidence

We have previously heard an appeal by Bradley's co-defendant, Latacha Renee Thompson, in which she challenged the denial of the motion to suppress evidence seized

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

2

during the June 15, 2007 traffic stop. The arguments we rejected there with respect to suppression are identical to the arguments Bradley makes here, and we reject Bradley's arguments for the same reasons we explained when we rejected Thompson's claim for relief. *See United States v. Thompson*, 346 F.App'x 896 (3d Cir. 2009).[2]

Separately, Bradley argues that there was no probable cause supporting the warrant the officers obtained after the drug dog alerted to drugs in the car. The district court's thorough analysis noted that such an alert can establish probable cause and that, in this case, the dog and his handler had more than adequate training to support the probable cause necessary to obtain a search warrant. JA137-39. There is little we can add to the court's comprehensive analysis.

Therefore, we affirm the district court's denial of the motion for suppression for substantially the same reasons set forth in our previous opinion, *see Thompson*, 346 F.App'x at 898-99, as well as the reasoning set forth in the district court's opinion, *see* JA112-141.

## III. Sentencing

Bradley also challenges his sentencing, arguing that the sentence was excessive and that the district court did not consider the § 3553(a) factors. We review sentences for

---

[2] Bradley's attempt to suppress the $25,000 obtained by police during the May 14, 2007, stop is unavailing. Unlike Thompson, Bradley does not have standing to seek suppression since neither the money nor car belonged to him, and he was not present in the car. *See Steagald v. United States*, 451 U.S. 204, 219 (1981) ("[R]ights such as those conferred by the Fourth Amendment are personal in nature, and cannot bestow vicarious protection on those who do not have a reasonable expectation of privacy in the place to be searched."). In any event, even if he had standing, he has waived recourse to suppression by failing to move to suppress the money before the District Court.

both procedural soundness and substantive reasonableness. *See United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). "If the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.*

The sentencing transcript reflects that the district court considered all of the § 3553(a) factors. JA315-16; JA328-31. The court explicitly discussed Bradley's "rough upbringing" as well as his extensive criminal history. JA329. The court discussed the guidelines range and the necessity of a sentence "to reflect the seriousness of the offense and to promote respect for the law." JA330. Thus, we hold that the district court properly followed the appropriate procedures during sentencing.

We also hold that Bradley's sentence of 120 months is not unreasonable. Although Bradley argues that his sentence is unreasonable because he received the maximum possible sentence under his plea bargain, the district court found that such a sentence was appropriate because of Bradley's extensive criminal history and tendency toward recidivism. We agree.

Finally, Bradley also states that "pursuant to U.S.S.G § 4A1.1(e) the defendant was assessed one (1) criminal history point because defendant committed this offense less tha[n] two years after being released from prison. On April 6, 2010, the Sentencing Commission voted to delete the guideline." Appellant's Br. at 22 (citations omitted). This argument would be considered as plain error because Bradley did not raise it before the district court. *Id.* at 23.

However, Bradley does not make any *argument* in his brief, let alone a "plain error" analysis, regarding what this change in Sentencing Guidelines should mean in his case.[3] Rather, he merely makes factual statements in his brief regarding the change. It is not clear from that brief how Bradley believes these facts should affect his sentence.

Regardless, no matter how liberally[4] we could construe Bradley's brief, we see no reason to grant relief. Bradley's criminal history totaled eighteen points. Under the Sentencing Guidelines, thirteen or more criminal history points results in the maximum Criminal History Category of VI.[5] Even if Bradley's criminal history were reduced by one point to seventeen points, he would still more than exceed the points required to qualify for the highest possible Criminal History Category.

### III.

For the reasons stated above, we affirm the District Court's order and sentence.

---

[3] Bradley fails to argue whether the U.S. Sentencing Commission's elimination of § 4A1.1(e) in November 2010 should have retroactive effect. We have previously found that the change is not retroactive. *United States v. Ball*, 2011 WL 925454, at *2 (3d Cir. Mar. 18, 2011).[3] For the purposes of deciding this case, however, we need not reach the question.

[4] *See United States v. Garth*, 188 F.3d 99, 108 (3d Cir.1999) ("[A] pro se petitioner's pleadings should be liberally construed to do substantial justice."). Bradley is represented by counsel, however, on appeal.

[5] Bradley's total offense level of 32 and a criminal history category of VI would normally dictate a guidelines range of 210-262 months, but each of the counts to which he pled guilty carries a statutory-maximum sentence of 60 months, *see* 18 U.S.C. § 1952(a)(3), thus yielding a maximum aggregate sentence of 120 months.